**UNITED STATES of America,
Plaintiff,**

v.

**Jamell T. WEBB, Defendant.**

**NO. CR15-217RSL**

United States District Court,
W.D. Washington,
at Seattle.

Signed February 24, 2016

Erin Becker, US Attorney's Office, Seattle, WA, for Plaintiff.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ARMED CAREER CRIMINAL ALLEGATION FROM COUNT I

Robert S. Lasnik, United States District Judge

## I. INTRODUCTION

This matter comes before the Court on "Defendant's Motion to Dismiss Count I" (Dkt.# 25) pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). Defendant argues that the armed career criminal allegation in Count I of the indictment should be dismissed because his prior Washington State drug convictions are not serious drug offenses under 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA").

The Court has reviewed the parties' submissions and heard oral argument on January 21, 2016. For the reasons discussed below, the Court grants defendant's motion to dismiss the armed career criminal allegation from Count I of the indictment.

## II. BACKGROUND

Jamell Webb is charged with one count of felon in possession of a firearm as an armed career criminal. Dkt # 4. The charge is based on a shootout that took place in the Pioneer Square area of Seattle, Washington on January 27, 2014.

In March 2015, Webb was serving a term of one year and a day for supervised release violations unrelated to the Pioneer Square incident. Before the disposition of Webb's supervised release violations, the government informed the Court of Webb's potential involvement in the shootout but chose not to seek an enhanced sentence on that basis at that time. As the government continued to investigate the Pioneer Square shootout, it gathered additional evidence tying Webb to the incident. Specifically, Webb's right thumb print was found on a .357 magnum revolver that was discovered in a car that fled the crime scene. The government's investigation suggests that someone' fired the .357 revolver at another vehicle during the shootout. In addition, "cell site" information from the phone number Webb provided to his probation officer placed the phone at the crime scene on the night of the shooting and at the location where Webb had contact with Seattle police officers later that night.

Before Webb was set to be released from FCI–Sheridan, the government indicted Webb on one count of being a felon in possession of a firearm as an armed career criminal in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). Dkt.

# 4. In its indictment, the government set forth four of Webb's former convictions:

    a. Conspiracy to Commit VUCSA [Violation of the Uniform Substances Act], on or about April 4, 2008, in King Country Superior Court, Cause No. 07–1–04840–1;

    b. Conspiracy to Deliver Cocaine, on or about April 4, 2008, in King County Superior Court, Cause No. 07–1–06362–1;

    c. Possession of Crack Cocaine with Intent to Distribute, on or about December 3, 2010, in U.S. District Court, Western District of Washington, Cause No. CR10–241RSL; and

    d. Escape, on or about March 8, 2013, in the U.S. District Court, Western District of Washington, Cause No. CR12–307RSL.

To be subject to the sentence enhancement provisions under the ACCA, a defendant must have three prior "violent felony or ... serious drug offense [convictions], or both...." 18 U.S.C. § 924(e)(1). Webb concedes that his federal conviction for possession of crack cocaine is a serious drug offense. The government agrees that Webb's federal escape conviction is not a predicate offense. Therefore, in dispute is whether Webb's state conspiracy convictions are serious drug offenses and therefore qualify as predicate offenses under the ACCA. In his motion to dismiss (Dkt.# 25), Webb argued that his state convictions, which he pleaded guilty to in 2008, do not qualify as serious drug offenses under the ACCA.[1] First, defendant argued that RCW 69.50.401, which criminalizes the delivery of a controlled substance, is broader than the provisions which prohibit the same offense under federal law. Second, defendant argued that because he was only exposed to a maximum 12–month sentence, his state convic-

tions did not satisfy the 10–year maximum imprisonment term required for a conviction to constitute a predicate offense under the ACCA. At oral argument on January 21, 2016, Webb raised a third, unbriefed reason for why his state convictions are not predicate offenses under the ACCA. He argued that since a defendant can conspire with a government agent under Washington law, but not under federal law, Washington conspiracy statutes sweep more broadly than federal law, and therefore cannot serve as the basis for a predicate offense in Webb's case. The Court allowed both parties to provide additional briefing on the issue raised at oral argument. Because the Court finds that the conspiracy argument is dispositive, it need not address the initial two issues raised by defendant regarding his state convictions.

## III. DISCUSSION

Under 18 U.S.C. § 922(g)(1), a convicted felon cannot possess a firearm. If a defendant is convicted for violating that provision, he is subject to the 15–year sentence enhancement provision under the ACCA. *See Taylor v. United States*, 495 U.S. 575, 578, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). The ACCA provides sentence enhancements for a federal defendant who has three prior "violent felony or ... serious drug offense [convictions], or both...." 18 U.S.C. § 924(e). "[T]he term 'serious drug offense' means ... an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ..., for which a maximum term of imprisonment of ten years or

---

**1.** Both "violent felonies" and "serious drug offenses" are predicate offenses under the ACCA. 18 U.S.C. § 924(e). It is undisputed

that Webb's drug conspiracy convictions are not "violent felonies" under the ACCA.

more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).

In order to determine whether Webb's two state conspiracy convictions qualify as "serious drug offenses," the Court will apply the categorical approach. *See United States v. Bynum*, 669 F.3d 880, 885–87 (8th Cir.2012) (applying the categorical approach established in *Taylor* when determining whether Bynum's former conviction was categorically a 'serious drug offense' under 18 U.S.C. § 924(e)(2)(A)(ii)). The *Taylor* categorical approach requires courts to " 'look only to the fact of conviction and the statutory definition of the prior offense' " to determine if the range of conduct covered by the state crime is no broader than its federal equivalent. *United States v. Pallares–Galan*, 359 F.3d 1088, 1099 (9th Cir. 2004) (quoting *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143). The Ninth Circuit has applied the categorical approach to convictions following guilty pleas. *United States v. Kelly*, 422 F.3d 889, 892 (9th Cir.2005). If the Court determines that Washington's drug conspiracy statutes encompass more conduct than is covered under comparable federal drug conspiracy law, Webb's prior state convictions cannot serve as predicate offenses for ACCA purposes. *See Pallares–Galan*, 359 F.3d at 1099 (stating that "[i]f … the statute which the defendant was found to have violated is broader in scope than the federal provision—that the statute proscribes not only conduct that would constitute an 'aggravated felony' but also conduct that would not—then the state conviction may not be used, except under a 'modified categorical' approach.").

**A. Application of the *Taylor* Categorical Approach**

When Webb pleaded guilty to (1) conspiracy to commit VUCSA and (2) conspiracy to deliver cocaine, he pleaded to violations of RCW 69.50.401, 9A.28.040, and 69.50.407. Dkt. # 25 Exs. 1–6. RCW 69.50.401 makes it unlawful to deliver a controlled substance. Under RCW 9A.28.040, the general criminal conspiracy statute, "[a] person is guilty of criminal conspiracy when, with intent that conduct constituting a crime be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct…." RCW 69.50.407 punishes any person who "attempts or conspires to commit any offense defined in [the uniformed controlled substances act]…."[2] To determine whether Webb's prior convictions are categorical matches for purposes of the ACCA, the Court must determine whether the state statute regarding controlled substances conspiracies is broader than a controlled substances conspiracy under federal law.

▮ The parties agree that one cannot conspire with a government agent under federal law. *See United States v. Escobar de Bright*, 742 F.2d 1196, 1200 (9th Cir. 1984) (stating that "[a]llowing a government agent to form a conspiracy with only one other party would create the potential for law enforcement officers to 'manufacture' conspiracies when none would exist absent the government's presence.").[3] The parties dispute whether one can conspire with a government agent under RCW 69.50.407. At the time Webb was convicted, RCW 9A.28.040(2) clearly stated that "[i]t shall not be a defense to criminal

---

**2.** RCW 9A.28.040 is broader than RCW 69.50.407. RCW 9A.28.040 covers all criminal conspiracies, while RCW 69.50.407 only covers unlawful conspiracies involving controlled substances.

**3.** The parties do not dispute that the elements of a federal drug conspiracy are governed by federal common law. *See* 21 U.S.C. § 846; *United States v. Shabani*, 513 U.S. 10, 13, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994).

conspiracy that the person or persons with whom the accused is alleged to have conspired ... [i]s a law enforcement officer or other government agent who did not intend that a crime be committed." RCW 69.50.407, the Washington Controlled Substances Act conspiracy statute, did not state whether conspiring with a government agent is a defense to a violation of that statute.

Under the categorical approach, if a statute it unclear, it is appropriate to look to a state court's interpretation of that statute. *See Kelly,* 422 F.3d at 893–95 (looking to Washington case law to determine whether there was a categorical match between federal and state law); *see also United States v. Grisel,* 488 F.3d 844, 850–51 (9th Cir.2006) (citing two Oregon Court of Appeals decisions when determining whether a conviction for second degree burglary under Oregon law is a categorical burglary under the ACCA). Thus, this Court must look to Washington courts' interpretation of RCW 69.50.407 for clarity.

In *State v. Pineda–Pineda,* 154 Wash. App. 653, 668, 226 P.3d 164 (2010), Division I of the Washington Court of Appeals noted that RCW 9A.04.010(2) states that its provisions " 'shall apply to any offense ... which is defined in this title or the general statutes, unless otherwise expressly provided or unless the context otherwise requires, and shall also apply to any defense to prosecution for such an offense.' " Thus, when interpreting RCW 69.50.407, the court in *Pineda–Pineda* found that "[t]here is nothing contrary or inconsistent between the controlled substance conspiracy and the Washington Criminal Code definition of conspiracy" and held that "the crime of controlled substance conspiracy is

concomitant with conspiracy as defined in RCW 9A.28.0[4]0." 154 Wash.App. at 669, 226 P.3d 164.[4]

■■■ The court in *Pineda–Pineda* reached this conclusion by relying in part on the following statement by the Washington Supreme Court in *State v. Pacheco,* 125 Wash.2d 150, 882 P.2d 183 (1994):

> We note at the outset Pacheco was convicted of conspiracy to deliver a controlled substance pursuant to RCW 69.50.407, not the general conspiracy statute, RCW 9A.28.040. The State has not suggested or presented any argument that the requisite conspiracy under RCW 69.50.407 is contrary to or inconsistent with the agreement required under RCW 9A.28.040. Thus, our construction of the conspiratorial agreement element in RCW 9A.28.040 is applicable to RCW 69.50.407.

154 Wash.App. at 659, 226 P.3d 164 (citing *Pacheco,* 125 Wash.2d at 153 n. 1, 882 P.2d 183). *Pacheco* held that "RCW 9A.28.040 and RCW 69.50.407 require the defendant to reach a genuine agreement with at least one other conspirator" and that conspiring with a government informant does not provide the requisite bilateral agreement needed for a conspiracy under Washington law. 125 Wash.2d at 155–59, 882 P.2d 183. Approximately three years after *Pacheco* was decided, the Washington legislature amended RCW 9A.28.040 to state that conspiring with a government informant is *not* a defense. Since RCW 9A.28.040 was amended, but not RCW 69.50.407, the government argues that *Pacheco* still controls the interpretation of RCW 69.50.407, and that one still cannot conspire with a government informant under that statute. However, both *Pacheco,* which predated

---

**4.** *Pineda–Pineda* references RCW 9A.28.020 when stating its holding. The Court reviewed the analysis in *Pineda–Pineda* and concludes that the citation to RCW 9A.28.020 was made in error because the preceding analysis discussed and compared RCW 9A.28.040 and RCW 69.50.407. *See Pineda–Pineda,* 125 Wash.2d at 667–69, 888 P.2d 1105.

the amendment of RCW 9A.28.040, and *Pineda–Pineda*, which followed the amendment of RCW 9A.28.040, interpreted RCW 9A.28.040 and RCW 69.50.407 concomitantly. It follows that a defendant may be convicted under RCW 9A.28.040 or RCW 60.50.407 for conspiring with a government agent.[5] Thus, Webb's Washington drug conspiracy convictions are not a categorical match with federal law and cannot constitute predicate offenses under the ACCA.[6]

## B. The Word "Involving" in 18 U.S.C. § 924(e)

The ACCA defines a serious drug offense as "an offense under State law *involving* manufacturing, distributing or possessing with intent to manufacture or distribute a controlled substance...." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). The government argues that because the word "involving," an expansive term, is used within 18 U.S.C. § 924(e), Webb's drug conspiracy convictions should be captured by that provision. Although the Court agrees that the word "involving" is an expansive term, that interpretation does not obviate the need for *Taylor's*

categorical approach. In the cases cited by the government discussing the word "involving," the courts found that the word "involving" allowed 18 U.S.C. § 924(e)(2)(A)(ii) to capture more than just crimes to manufacture, distribute, or possess controlled substances; the word "involving" captured crimes such as conspiracies to distribute controlled substances and attempts to distribute controlled substances. *See United States v. King*, 325 F.3d 110, 115 (2d Cir.2003) (stating that "any attempt to commit a substantive federal offense falling within § 924(e)'s definition of 'serious drug offense' is likewise a serious drug offense."); *United States v. McKenney*, 450 F.3d 39, 45 (1st Cir.2006) ("hold[ing] ... that a conspiracy to possess with intent to distribute is, under the ACCA, an offense 'involving possessing with intent to ... distribute.'"); *United States v. Alexander*, 331 F.3d 116, 131 (C.A.D.C.Cir.2006) (stating that defendant's "earlier conviction of attempted possession 'involv[ed]' possession with intent to distribute."). Here, the parties do not dispute that a conspiracy to distribute controlled substances can be an offense

---

5. In 1987, Division III of the Washington Court of Appeals stated that "RCW 69.50.407 is a specific statute relating to conspiracies involving controlled substances and such an act of conspiracy must be charged under that statute to the exclusion of RCW 9.22.010 which deals with conspiracy in general [RCW 9A.28.040 has replaced RCW 9.22.010]." *State v. Casarez–Gastelum*, 48 Wash.App. 112, 118, 738 P.2d 303 (1987). Thus, there seems to be disagreement between Division I and III regarding whether RCW 9A.28.040 and RCW 69.40.407 should be construed similarly. *Pineda–Pineda* takes into account the Washington Supreme Court's analysis in *Pacheco* and was decided after the 1997 amendment to RCW 9A.28.040. The Court finds that *Pineda–Pineda* provides the better interpretation of Washington's conspiracy statutes.

6. If a state statute is not a categorical match to its federal equivalent, courts may proceed

to apply the "modified categorical approach," but only if the statute is divisible. *See Almanza–Arenas v. Lynch*, 809 F.3d 515, 521 (9th Cir.2015). If the statute is indivisible, a court must end its analysis. *Id.* A divisible statute is one that has multiple alternative elements, effectively establishing several different crimes. *See Descamps*, 133 S.Ct. at 2284–85 (noting that the modified categorical approach may be appropriate when a state statute provides different ways for committing a burglary). An indivisible statute provides different means of committing an offense. *See Almanza–Arenas*, 809 F.3d at 522. The modified categorical approach cannot be applied here because Washington's drug conspiracy statutes, RCW 69.50.407 and RCW 9A.28.040, are indivisible. They include a list of elements that must be met for a conspiracy to be found, rather than different ways in which a conspiracy may be committed.

**1204**

under the ACCA. Rather, the parties dispute whether a conspiracy to deliver a controlled substance under RCW 69.50.407 specifically satisfies the categorical approach. While the word "involving" is an expansive term that captures some conspiracies, it cannot be read to capture conspiracies that do not satisfy the requirements of the categorical approach. The government cites to no authority which suggests otherwise.

## IV. CONCLUSION

Washington law is not a categorical match with federal law because a defendant can be convicted for a conspiracy under RCW 9A.28.040 or RCW 69.50.407 even if the "conspiracy" was with a government agent. Because Webb's two state law conspiracy convictions do not constitute predicate acts under the ACCA, the government's ACCA charge will be dismissed.

For all of the foregoing reasons, defendant's motion to dismiss the armed career criminal allegation from Count I (Dkt.# 25) is GRANTED.