**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><i>Plaintiff-Appellee</i>,<br><br>v.<br><br>MICHAEL N. BROWN,<br><i>Defendant-Appellant.</i></td><td>No. 16-30218<br><br>D.C. No.<br>3:15-cr-05521-BHS-1<br><br><br>OPINION</td></tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted October 2, 2017
Seattle, Washington

Filed January 16, 2018

Before: Kim McLane Wardlaw, Richard R. Clifton,
and John B. Owens, Circuit Judges.

Opinion by Judge Clifton;
Concurrence by Judge Owens

## SUMMARY[*]

### Criminal Law

The panel vacated a sentence and remanded for resentencing in a case in which the district court determined that the defendant's previous conviction for drug conspiracy under Washington state law qualified as a "controlled substance offense" for purposes of U.S.S.G. 2K2.1(a)(4)(A).

The panel held that the definition of conspiracy within the Washington Criminal Code – including the provision in RCW § 9A.28.040(f) that allows for a conviction when the other party to the conspiracy is a law enforcement officer or other government agent who did not intend that a crime be committed – applies to the drug conspiracy offense defined in RCW Title 69. The panel held that, as a result, the Washington drug conspiracy statute covers conduct that would not be covered under federal law, and the Washington drug conspiracy statute is therefore not a categorical match to conspiracy under federal law. The panel held that the district court therefore erred in determining that the defendant's prior conviction qualified as a "controlled substance offense" under the Sentencing Guidelines, and concluded that the error was not harmless.

Concurring, Judge Owens wrote that this case – though correctly decided under current Supreme Court law – typifies how far the *Taylor* categorical approach has deviated from common sense.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Davina T. Chen (argued), Glendale, California, for Defendant-Appellant.

Amy Jaquette (argued), Assistant United States Attorney; Annette L. Hayes, United States Attorney; United States Attorney's Office, Seattle, Washington; for Plaintiff-Appellee.

**OPINION**

CLIFTON, Circuit Judge:

Defendant Michael N. Brown appeals the district court's sixty-month sentence for being a felon in possession of a firearm. In calculating the appropriate range under the Sentencing Guidelines, the district court determined that a base offense level of twenty applied because Brown's previous conviction for drug conspiracy under Washington state law qualified as a "controlled substance offense." We conclude that the conviction does not so qualify because the Washington drug conspiracy statute is not a categorical match to conspiracy under federal law. We reverse and remand for resentencing.

## I. Background

Brown pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court held, over Brown's objection and lacking precedent from this court resolving the issue, that Brown's 2005 conviction by guilty

plea for conspiracy to distribute methamphetamine in Washington state was a "controlled substance offense" for purposes of U.S.S.G. § 2K2.1(a)(4)(A). The district court calculated a Sentencing Guidelines range of sixty-three to seventy-eight months. The district court sentenced Brown to sixty months of incarceration and three years of supervised release. Brown timely appealed.

## II. Discussion

Brown argues that the district court erred in calculating his Sentencing Guidelines range. Specifically, Brown contends that the Washington drug conspiracy statute does not qualify as a controlled substance offense under the Sentencing Guidelines because it is overbroad. The reason, he argues, is that Washington law allows for a conspiracy conviction when the only other party is a law enforcement officer or informant who does not actually intend to take part in the conspiracy. Those facts would not support a conviction for conspiracy under federal law.

To determine whether a prior state conviction is a controlled substance offense for purposes of the Sentencing Guidelines, federal courts employ the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). Under the categorical approach, we are concerned only with the fact of conviction and the statutory definition of the underlying offense. *Id.* at 600. "If a state law proscribes the same amount of or less conduct than that qualifying [under federal law], then the two offenses are a categorical match." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017) (en banc) (internal quotation marks omitted). But "[i]f the statute of conviction sweeps more broadly than the generic crime, a conviction under that law cannot

categorically count as a qualifying predicate, even if the defendant actually committed the offense in its generic form." *United States v. Hernandez*, 769 F.3d 1059, 1062 (9th Cir. 2014) (per curiam) (alterations incorporated) (internal quotation marks omitted).[1]

## A. Standard of Review

In sentencing appeals, "we review the district court's identification of the correct legal standard *de novo* and the district court's factual findings for clear error." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Further, "as a general rule, a district court's application of the Sentencing Guidelines to the facts of a given case should be reviewed for abuse of discretion." *Id.*

There is an exception to that general rule, however, when it comes to application of the categorical approach, because under the categorical approach "[n]othing turns on the particulars of the defendant's own prior offense." *Id.* at 1174. "[E]ither all convictions under a particular statute qualify or none do." *Id.* (citing *Descamps*, 133 S. Ct. at 2287). The issue in *Gasca-Ruiz* was whether a prior conviction qualified as a "crime of violence," and we concluded that "determining whether a particular conviction qualifies as a crime of

---

[1] If there is not a categorical match, a court may ask if the statute is divisible. *Martinez-Lopez*, 864 F.3d at 1038. If "a defendant was convicted of violating a divisible statute," a court may employ the modified categorical approach, for which it must "identify, from among several alternatives, the crime of conviction so that the court may compare it to the generic offense." *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). Neither party argues that the Washington drug conspiracy statute is divisible.

violence is akin to formulating a rule of general application, a matter properly reviewed *de novo*."  *Id.*

The same reasons for applying de novo review to determinations of whether a prior conviction is a "crime of violence" also apply to whether a prior conviction is a "controlled substance offense."  Though a more searching standard of review in the instant case does not affect the outcome of this case, we review the district court's determination of whether Brown's prior conviction was a controlled substance offense de novo.

## B.  *Application of the Categorical Approach*

U.S.S.G. § 2K2.1(a)(4)(A) provides a base offense level of twenty if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." § 2K2.1(a)(4)(A).  The definition of "controlled substance offense" is the same as that provided in U.S.S.G. § 4B1.2(b). § 2K2.1 cmt. n.1.  Section 4B1.2 explains:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

§ 4B1.2(b).  Here, the relevant offense was Brown's 2005 state court conviction for conspiracy to deliver methamphetamine in violation of RCW §§ 69.50.401(1) and 69.50.407.  Under Washington state law, for sentencing purposes the offense was "unranked," with a standard sentence of zero to twelve months.

Under federal law, a defendant cannot be convicted of conspiracy if the only alleged coconspirator is a federal agent or informant.  *See United States v. Lo*, 447 F.3d 1212, 1225 (9th Cir. 2006) ("[T]he agreement in a conspiracy cannot be established with evidence that the defendant had an agreement with a government informer.").

The Revised Code of Washington includes both a general conspiracy statute, located in Title 9A of the Criminal Code, and a separate statute for drug conspiracy, located in Title 69, pertaining to Food, Drugs, Cosmetics, and Poisons.  The general conspiracy statute states:  "A person is guilty of criminal conspiracy when, with intent that conduct constituting a crime be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them takes a substantial step in pursuance of such agreement."  RCW § 9A.28.040(1).  Subsection (2)(f) of the same section of the Criminal Code provides that "[i]t shall not be a defense to criminal conspiracy that the person or persons with whom the accused is alleged to have conspired . . . [i]s a law enforcement officer or other government agent who did not intend that a crime be committed."  RCW § 9A.28.040(2)(f).

The Washington drug conspiracy statute provides:  "Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine

or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." § 69.50.407. The terms "conspires" and "conspiracy" are not defined within this section or anywhere in Title 69 of the Revised Code of Washington. A section in the Criminal Code states that its provisions may apply to offenses defined in other titles: "The provisions of this title shall apply to any offense committed on or after July 1, 1976, which is defined in this title or the general statutes, unless otherwise expressly provided or unless the context otherwise requires, and shall also apply to any defense to prosecution for such an offense." RCW § 9A.04.010(2).

The important question for this case is whether the definition of conspiracy within the Criminal Code, including the qualification in subsection (2)(f), applies to the drug conspiracy offense defined in Title 69. We conclude that it does. As a result, the Washington drug conspiracy statute covers conduct that would not be covered under federal law, and Brown's conviction under the Washington statute is not a categorical match.[2]

---

[2] Our decision is consistent with decisions of three other federal district courts in Washington state that have concluded that § 69.50.407 is not a categorical match to federal generic conspiracy because it allows for a unilateral agreement when the other party is a law enforcement officer who does not intend to commit a crime. *See United States v. Myers*, 2:15-CR-00045-JLQ, dkt. no. 95 at 5–6 (E.D. Wash., filed August 21, 2017) ("The court found Defendant's drug conspiracy conviction to be overbroad and not a predicate offense under U.S.S.G. [§] 2K2.1(a)."); *United States v. Phillips*, 1:15-CR-02033-SAB-1, dkt. no. 81 at 13 (E.D. Wash., filed January 10, 2017) ("The defendant's 2009 state conviction for conspiracy does not qualify as a controlled substance offense, because the Washington conspiracy statute is overbroad, in the court's opinion."); *United States v. Webb*, 166 F. Supp. 3d 1198, 1202–03 (W.D. Wash.

The history of how subsection (2)(f) came to be enacted helps to explain our conclusion. In 1994, the Washington Supreme Court held, in reviewing a conviction for, among other crimes, conspiracy to deliver controlled substances, that an agreement between the defendant and a sole coconspirator who was actually an undercover police officer did not satisfy the requirement under the conspiracy statute for an actual agreement between coconspirators. *State v. Pacheco*, 882 P.2d 183, 185–87 (Wash. 1994). The court concluded: "[T]he State has not persuaded us the Legislature intended to abandon the traditional requirement of an actual agreement. We hold [§] 9A.28.040 and [§] 69.50.407 require the defendant to reach a genuine agreement with at least one other coconspirator." *Id.* at 188.

In response to *Pacheco*, the Washington Legislature amended the general conspiracy statute by adding § 9A.28.040(2)(f). *See* 1997 Wash. Legis. Serv. Ch. 17 (S.B. 5085). Nothing in the amendment mentioned § 69.50.407, the Washington drug conspiracy statute, or stated that it amended § 9A.04.010(2), the Criminal Code section that states that provisions in the Criminal Code apply to crimes defined in other titles of the Revised Code of Washington. Washington courts have continued to apply § 9A.04.010(2) to hold that the definition of conspiracy in Title 9A and Title 69 are the same. *See, e.g.*, *State v. Pineda-Pineda*, 226 P.3d 164, 172 (Wash. Ct. App. 2010) ("We hold the crime of controlled substance conspiracy is concomitant with conspiracy as defined in RCW [§] 9A.28.020. There is nothing contrary or inconsistent between the controlled

2016) (holding that the two Washington conspiracy statutes are "concomitant," and that "a defendant may be convicted under [§] 9A.28.040 or [§] 60.50.407 for conspiring with a government agent").

substance conspiracy and the Washington Criminal Code definition of conspiracy.").

The government's arguments to the contrary are unpersuasive.[3] First, the government submits that, even though *Pacheco* discussed both § 9A.28.040 and § 69.50.407, the Washington legislature amended only the former statute. The Washington Supreme Court "presume[s] that the legislature enacts laws 'with full knowledge of existing laws.'" *Maziar v. Wash. State Dep't of Corr.*, 349 P.3d 826, 828 (Wash. 2015) (quoting *Thurston Cty. v. Gorton*, 530 P.2d 309, 312 (Wash. 1975)). Section 9A.04.010(2) was one of those existing laws. Because the provisions in Title 9A apply to offenses defined elsewhere, there was no need to amend § 69.50.407 separately. Accordingly, we cannot presume that

---

[3] The government argues that Washington courts have continued to rely on *Pacheco* for the proposition that conspiracy under state law requires a bilateral agreement. The issue here is what effect subsection (2)(f), which created an exception to the bilateral conspiracy requirement when a coconspirator is a law enforcement officer who lacks the intent to commit a crime, had on § 69.50.407. It is undisputed that, aside from the exception created by the 1997 amendment, *Pacheco* is still good law, and the cases cited by the government simply confirm this. *See, e.g.*, *State v. Blair*, No. 67874-4-I, 2013 WL 791854, at *4–6 (Wash. Ct. App. Feb. 25, 2013) (reversing a lower court order for arrest of judgment where there was sufficient evidence of a bilateral agreement to possess marijuana with intent to deliver); *State v. Millyard*, No. 28242-2-III, 2010 WL 5158176, at *1–2 (Wash. Ct. App. Dec. 21, 2010) (affirming a conviction for conspiracy to possess marijuana with intent to deliver where there was a bilateral agreement between the defendant and a coconspirator, the defendant delivered marijuana to the coconspirator, and the coconspirator subsequently delivered the marijuana to a government informant); *State v. Kraabell*, No. 35752-6-II, 2008 WL 852808, at *4 (Wash. Ct. App. Apr. 1, 2008) (concluding, in part, that the absence of a cautionary instruction regarding the uncorroborated testimony of an accomplice did not affect the jury's verdict).

the Washington legislature failed to recognize that any changes to § 9A.28.040 would apply to § 69.50.407.

Second, the government argues that, where two statutes conflict, the more specific statute controls. Here, § 69.50.407 does not define conspiracy. The definition of conspiracy is provided by § 9A.28.040, and that includes subsection (2)(f). That does not put the statutes in conflict.

Third, the government argues that § 69.50.407 was not impliedly repealed. We have not concluded that it was. The drug conspiracy statute remains on the books and may properly be enforced. It was simply amended, in effect, by the addition of subsection (2)(f) to the general conspiracy statute. Nothing prevents § 9A.28.040 and § 69.50.407 from standing side by side.[4]

Finally, the government argues that, even if the panel were to find that § 69.50.407 is not a categorical match to federal conspiracy, Brown has not identified a specific instance where Washington has applied the drug conspiracy statute in a manner that proves it is overbroad. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (holding that to find a state statute overbroad "requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime"). Brown has explained the absence of appellate

---

[4] The government also argues that the logical conclusion of Brown's argument pits the penalty provisions of § 9A.28 against § 69.50.407. This is simply not true. Section 69.50.407 has its own penalty provisions for drug conspiracy, and "[a] general statutory provision normally yields to a more specific statutory provision." *W. Plaza, LLC v. Tison*, 364 P.3d 76, 80 (Wash. 2015). That does not mean that subsection (2)(f) cannot logically apply to both conspiracy statutes.

decisions discussing this subject by noting that the relatively light sentence that would result from a drug conspiracy conviction, with a standard sentencing range of zero to twelve months, as noted above at 6–7, encourages prosecutors to charge violations that carry more substantial sentences. Convictions under the drug conspiracy statute, he contends, generally result from negotiations and guilty pleas, which do not produce appeals. Perhaps more to the point, "if a state statute explicitly defines a crime more broadly than the generic definition, no legal imagination is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of the crime." *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1009–10 (9th Cir. 2015) (internal quotation marks omitted). Washington conspiracy is explicitly more broad than the generic federal definition.

## C. Harmless Error

The Sentencing Guidelines are advisory, but any calculation error "is a significant procedural error that requires us to remand for resentencing." *United States v. Martinez*, 870 F.3d 1163, 1165–66 (9th Cir. 2017) (internal quotation marks omitted). "The Supreme Court has made clear that the district court must correctly calculate the recommended Guidelines sentence and use that recommendation as 'the starting point and the initial benchmark.'" *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2010) (per curiam) (some citations and internal quotation marks omitted) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). A district court must also "adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence." *Id.*

The government has argued that any error here was harmless, but we do not agree that it is so certain that the district court would have imposed the same sentence. The sentence imposed on Brown did represent a downward departure of three months from the bottom of the Sentencing Guidelines range as calculated by the district court. The same sentence would have represented an upward departure of nineteen months from the upper end of the range if calculated without treating Brown's prior conviction as a conviction for a controlled substance offense. The use of an incorrect starting point and the failure to keep the proper Sentencing Guidelines range in mind as the sentencing decision was made constituted "a significant procedural error," and the case must be remanded for resentencing. *Id.*

## III.   Conclusion

The district court erred when calculating Brown's Sentencing Guidelines range, and that error was not harmless. Accordingly, Brown's sentence is vacated, and this case is remanded for resentencing.

**SENTENCE VACATED; REMANDED.**

OWENS, Circuit Judge, concurring:

All good things must come to an end. But apparently bad legal doctrine can last forever, despite countless judges and justices urging an end to the so-called *Taylor* categorical approach. *See United States v. Valdivia-Flores*, 876 F.3d 1201, 1210–11 (9th Cir. 2017) (O'Scannlain, J., specially concurring) (collecting cases). This case – though correctly

decided under current Supreme Court law – typifies how far this doctrine has deviated from common sense.

Here, one lawyer zealously argues that Washington law criminalizes a "conspiracy of one," while the other lawyer strenuously contends for a narrower reading. Surely, the prosecutor is the one swinging for the fences, and the defense attorney the one pushing for lenity. In state court, you would be right. But we are in federal court, so a defense attorney ethically must play the role of the aggressive prosecutor, pushing for the most expansive reading of state law possible. She succeeded: she has established that the state law is broader than the federal law, so there is no categorical match, which favors her client. But this role reversal confirms that this is a really, really bad way of doing things. Defense attorneys should not be forced to argue for expanding criminal liability to benefit their clients, but in the *Taylor* Upside Down, that is what necessarily happened here.

Instead of wasting more resources and interjecting more uncertainty into our sentencing (and immigration) decisions, either the Supreme Court or Congress should junk this entire system. *See United States v. Perez-Silvan*, 861 F.3d 935, 944 (9th Cir. 2017) (Owens, J., concurring) (urging simplification "to avoid the frequent sentencing adventures more complicated than reconstructing the Staff of Ra in the Map Room to locate the Well of the Souls").

A regime based on the length of previous sentences, rather than on the vagaries of state law, is the way to go. *See Almanza-Arenas v. Lynch*, 815 F.3d 469, 483 (9th Cir. 2016) (en banc) (Owens, J., concurring) ("A better mousetrap is long overdue. Rather than compete with Rube Goldberg, we instead should look to a more objective standard, such as the

length of the underlying sentence[.]"); U.S.S.G. supp. app. C, amend. 802 at 156–57 (Nov. 1, 2016) (amending U.S.S.G. § 2L1.2 to account for most prior convictions "primarily through a sentence-imposed approach" and "eliminate[] the use of the categorical approach, which has been criticized as cumbersome and overly legalistic").