NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50383 |
| Plaintiff-Appellee, | D.C. No. 8:10-cr-00070-CJC-1 |
| v. | |
| HARSHAD SHAH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 4, 2019
Pasadena, California

Before:  WARDLAW and BEA, Circuit Judges, and DRAIN,** District Judge.

Defendant Dr. Harshad Shah was accused of bribing an IRS official who was

conducting a civil audit of his personal and business tax filings.  A jury found Dr.

Shah guilty, and he was sentenced to 53 months of imprisonment.  Because the

parties are familiar with the facts of the case, we recount them only as necessary to

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

explain our decision. Dr. Shah raises eleven distinct challenges to his conviction and sentence. We address each in turn.

I.

Dr. Shah first argues that it was structural error for the Government to have elicited racist testimony from Revenue Agent ("RA") Raghaven that people of Indian descent are predisposed to commit bribery. Dr. Shah concedes that because he did not object to RA Raghaven's allegedly racist statements at trial, plain error review applies.

Contrary to Dr. Shah's characterization, RA Raghaven's testimony was *not* the sort of racist predisposition testimony that the Supreme Court denounced in *Buck v. Davis*, 137 S. Ct. 759, 776–77 (2017). Testimony regarding RA Raghaven's interpretation of Dr. Shah's statements, using his numerous incongruous references to India as context, is *not* in the same category as testimony that a criminal defendant is predisposed to commit violence because of his race. There was no structural error.

II.

Dr. Shah next challenges a number of statements that the Government elicited from witnesses at trial, or made during closing argument, characterizing them as "materially false and/or misleading." Because he did not object to any of the statements at trial, we review for plain error. *United States v. Olano*, 507 U.S. 725, 732–36 (1993). None of the challenged statements rises to the level of being

materially false or misleading.  And in any case, Dr. Shah has failed to show that he was prejudiced by any of them.

## III.

Dr. Shah challenges the Government's description during closing argument of the recorded conversations between RA Ham and Dr. Shah as being "dispositive" of the bribery charge.  Because Dr. Shah did not object at trial, we review for plain error.  *United States v. Brown*, 327 F.3d 867, 871 (9th Cir. 2003).

Dr. Shah raised an entrapment defense at trial, which placed the burden on the Government "to prove beyond a reasonable doubt that the defendant committed the crime not as a result of having been induced by the government but as a result of his predisposition to do so."  *United States v. Barry*, 814 F.2d 1400, 1402 (9th Cir. 1987).  To overcome the defense, the Government needed to prove *either* that Dr. Shah was predisposed to commit the crime, *or* that he was not induced to do so.  *United States v. McClelland*, 72 F.3d 717, 722 (9th Cir. 1995).  Dr. Shah argues that the recordings were not dispositive of predisposition because they took place *after* law enforcement became involved in the investigation.  But we have held that evidence obtained after law enforcement involvement can be used to prove that the defendant was predisposed to commit a crime *before* such involvement.  *See Jacobson v. United States*, 503 U.S. 540, 550–53 (1992).  In any case, there was no

3

prejudice because the jury could have found that the recordings were dispositive of *a lack of inducement* by law enforcement.

## IV.

Dr. Shah next argues that the district court erred by offering a legally deficient answer to the jury's question about what evidence it could consider in evaluating Dr. Shah's predisposition to commit bribery. The district court consulted with Dr. Shah's counsel before responding to that question during trial, and Dr. Shah's counsel agreed that the district court's proposed response was "correct as a matter of law." Dr. Shah therefore waived his right to challenge the district court's response to the jury note. *Cf. United States v. Cain*, 130 F.3d 381, 383–84 (9th Cir. 1997) (holding that a criminal defendant waived his right to appeal a jury instruction because his attorney agreed at trial that the instruction was legally correct).

## V.

Dr. Shah challenges the district court's denial of his motion for acquittal, arguing that there was insufficient evidence of predisposition to support his conviction. We review challenges to the denial of a motion for acquittal *de novo*, examining the ruling in the light most favorable to the prosecution, and asking whether any rational jury could have found the essential elements beyond a reasonable doubt. *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir. 2004).

4

Dr. Shah's argument lacks merit because the evidence, viewed in the light most favorable to the prosecution, showed overwhelmingly that Dr. Shah was predisposed to commit bribery.

## VI.

Dr. Shah challenges the district court's denial of his motion to dismiss for outrageous government conduct based on the district court's failure to hold an evidentiary hearing, and its failure to consider all of the relevant facts. We review the district court's denial of a motion to dismiss *de novo*, but accept the district court's factual findings unless they are clearly erroneous. *United States v. Ziskin*, 360 F.3d 934, 942 (9th Cir. 2003). We normally review a district court's failure to hold an evidentiary hearing on a motion for dismiss for abuse of discretion, *United States v. Hagege*, 437 F.3d 943, 951 (9th Cir. 2006), but because Dr. Shah never requested such an evidentiary hearing, we will reverse the district court only upon a showing of plain error. *United States v. Plascencia-Orozco*, 852 F.3d 910, 916 (9th Cir. 2017).

With respect to the evidentiary hearing, Dr. Shah cannot satisfy the plain error standard because he has not shown that the failure to hold an evidentiary hearing at the motion to dismiss stage prejudiced him in any way. As to his argument that the district court's decision was wrong on the merits, we find that the Government's conduct in the instant case (telling a taxpayer that he owes a substantial amount of

back taxes, and then surreptitiously recording him to see if he offers a bribe to his IRS auditor) is far less outrageous than other cases—including *United States v. Black*, 733 F.3d 294, 300 (9th Cir. 2013), upon which Dr. Shah relies—where the Ninth Circuit has denied motions to dismiss for outrageous government conduct. *See also, e.g.*, *United States v. Simpson*, 813 F.2d 1462, 1466 (9th Cir. 1987) (finding no outrageous government conduct where the FBI employed a prostitute to have sex with a suspected drug dealer to entice him into selling heroin to an undercover agent).

## VII.

Dr. Shah next argues that the district court judge was biased against him because Dr. Shah lied to the judge at a status hearing in July, 2015. But Dr. Shah has waived any such argument. After the status hearing—despite having full knowledge of the circumstances that he now claims caused the judge to be biased against him—Dr. Shah affirmatively declined an opportunity to have the case transferred to a new judge.

## VIII.

Dr. Shah argues that the district court erred in failing to hold an evidentiary hearing at the motion to suppress stage. This argument is also waived. Before the suppression hearing, the district court specifically asked Dr. Shah's counsel if he wanted to call any witnesses in support of his motion (i.e., to conduct an evidentiary

6

hearing), and Dr. Shah's counsel confirmed that he *did not*. Dr. Shah cannot now argue that it was error for the district court not to have forced him to call witnesses in support of his motion to suppress. *See United States v. Lindsey*, 634 F.3d 541, 555 (9th Cir. 2011) (where a defendant intentionally relinquishes a known right, he waives his ability to appeal an alleged deprivation of that right); *see also United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) (errors induced or caused by the defendant are unreviewable on appeal).

## IX.

Dr. Shah next argues that the district court erred by ignoring his sentencing entrapment argument. A challenge to the district court's denial of a downward departure based on Dr. Shah's assertion of sentencing entrapment is an argument that the district court misapplied the Sentencing Guidelines, which we review for an abuse of discretion. *See United States v. Black*, 733 F.3d 294, 301 (9th Cir. 2013).

We find that the district court did not ignore Dr. Shah's sentencing entrapment argument, nor did it abuse its discretion at sentencing. The district court denied a downward departure based on sentencing entrapment after it concluded that there was sufficient evidence to find Dr. Shah was not induced to commit bribery.

## X.

Dr. Shah next argues that the district court erred in denying his motion to strike the Pre-Sentencing Report ("PSR"), and in subsequently relying on the PSR

7

at sentencing. We review the district court's "factual findings for clear error," and its "application of the Sentencing Guidelines to the facts of a given case [for] abuse of discretion." *United States v. Brown*, 879 F.3d 1043, 1047 (9th Cir. 2018).

Dr. Shah accuses the district court of not "meaningfully address[ing] the specific and numerous infirmities discussed in Dr. Shah's Motion to Strike" at sentencing. As the district court noted, however, Dr. Shah does not point to anything specific in the PSR that is misleading or one-sided. To the extent Dr. Shah complains that certain information was not included in the PSR, this was caused by Dr. Shah's failure to participate in the PSR drafting process with the Probation Office.

Dr. Shah also complains that the district court judge ignored mitigating factors at sentencing. Dr. Shah similarly fails to point to any specific mitigating factors that the district court failed to consider. On the contrary, the evidence suggests that the district court reasonably calculated the Sentencing Guidelines range, rejected certain enhancements recommended by the Government; properly noted mitigating factors, such as Dr. Shah's community engagement and his lack of a criminal record; and imposed a sentence of 53 months—which was on the low-end of the Guidelines range and less than half of the Government's recommended sentence.

## XI.

Dr. Shah finally argues that the "cumulative effect" of the district court's alleged errors warrants relief from his conviction and sentence. For the reasons

discussed above, all of Dr. Shah's arguments lack merit. Dr. Shah's cumulative error theory therefore does not warrant reversal. *See United States v. Fernandez*, 388 F.3d 1199, 1256–57 (9th Cir. 2004) (explaining that the cumulative-error doctrine is "inapplicable" absent proof of the underlying claimed errors).

**AFFIRMED.**