NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30133 |
| Plaintiff-Appellant, | D.C. No. 4:18-cr-00090-BMM-2 |
| v. | |
| KRIS DALE HARDING, | MEMORANDUM[*] |
| Defendant-Appellee. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30134 |
| Plaintiff-Appellant, | D.C. No. 4:18-cr-00090-BMM-3 |
| v. | |
| SHEVYN EUGENE MARSHALL, | |
| Defendant-Appellee. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30135 |
| Plaintiff-Appellant, | D.C. No. 4:18-cr-00090-BMM-4 |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

WILLIAM JAMES OUTTEN,

           Defendant-Appellee.

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted November 10, 2021
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and WU,[**] District Judge.

Defendant-appellees pleaded guilty to possession of explosives crimes and were subject to a sentencing enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 2K1.3(a)(2) and 4B1.2(b), because they each had a prior felony conviction for distribution of dangerous drugs in violation of Mont. Code Ann. § 45-9-101. The district court refused to impose the enhancement after concluding that § 45-9-101 applied to mere offers to engage in the prohibited activity and was therefore categorically broader[1] than the U.S.S.G. § 4B1.2(b)'s definition of a "controlled substance offense," which does not expressly include such conduct. The Government appealed.

---

[**] The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

[1] "To determine whether a prior state conviction is a controlled substance offense for purposes of the Sentencing Guidelines, federal courts employ the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990)." *United States v. Brown*, 879 F.3d 1043, 1046 (9th Cir. 2018).

After the district court's ruling, we issued two decisions which are germane hereto. *United States v. Crum*, 934 F.3d 963, 965-67 (9th Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 2629 (2020), rejected the argument that Oregon's delivery-of-methamphetamine statute (i.e., Or. Rev. Stat. § 475.890) sweeps more broadly than the federal definition of "controlled substance offense" in § 4B1.2(b) because that statute criminalizes the mere offer to sell methamphetamine.[2] *United States v. Sorenson*, 818 F. App'x 668, 669 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2822 (2021), held that the statutory schemes in Or. Rev. Stat. § 475.890 and Mont. Code Ann. § 45-9-101 were "analogous" and, hence, § 45-9-101 was categorically a "controlled substance offense" as defined in § 4B1.2(b).

*Crum* is controlling precedent. *Sorenson* (as an unpublished disposition) is not binding; but we nevertheless find its reasoning persuasive that Mont. Code

---

[2] *Crum* stated that its conclusion was "compelled" in part by *United States v. Shumate*, 329 F.3d 1026, 1028-31 (9th Cir. 2003), which held that the crime of delivery of marijuana under Oregon law (which included solicitation of another person to deliver marijuana) qualified as a controlled substance offense under § 4B1.2(b) because that Guidelines provision "encompasses solicitation offenses." *Crum*, 934 F.3d at 965-66. *Crum* also held that it was not free to depart from the holding in *United States v. Vea-Gonzales*, 999 F.2d 1326, 1330 (9th Cir. 1993), *overruled on other grounds by Custis v. United States*, 511 U.S. 485 (1994), that the language in Application Note 1 of U.S.S.G. § 4B1.2 (i.e., that "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses") is "perfectly consistent" with the text of § 4B1.2(b); and, thus, "the term 'controlled substance offense' as defined in § 4B1.2(b) encompasses both solicitation and attempt offenses." *Crum*, 934 F.3d at 966-67.

Ann. § 45-9-101 does not materially differ from Or. Rev. Stat. § 475.890, which was analyzed in *Crum*. In light of the holdings in *Crum* and *Sorenson*, the district court erred in not applying the enhancement in U.S.S.G. § 2K1.3(a)(2).

**REVERSED and REMANDED for resentencing.**