IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HUGH F. BANGASSER, an individual; and ELIZABETH B. HALL, an individual, | No. 78595-8-I (Consolidated with No. 78670-9-I) |
| Respondents, | DIVISION ONE |
| v. | |
| THOMAS F. BANGASSER, an individual; BANGASSER & ASSOCIATES, INC., a Washington corporation, | UNPUBLISHED OPINION |
| Appellants, | |
| and | |
| VISION VASHON, ostensibly a Washington non-profit corporation, | |
| Defendant. | FILED: October 14, 2019 |

SCHINDLER, J. — The Uniform Limited Partnership Act, chapter 25.10 RCW, gives the superior court the discretion to issue a lien against the transferable interest of the judgment debtor in a limited partnership. Siblings Thomas Bangasser, Elizabeth Hall, and Hugh Bangasser are limited partners of the MidTown Limited Partnership.[1] In these consolidated appeals, Thomas challenges the charging and disbursement orders

---

[1] We refer to siblings Elizabeth Hall, Hugh Bangasser, and Thomas Bangasser by their first names for clarity and mean no disrespect by doing so.

entered against his interest in the limited partnership to pay judgment creditors Elizabeth and Hugh the award for attorney fees incurred postjudgment. We affirm.

This is the third appeal in this case. The facts are set forth in Hall v. Bangasser, No. 76077-7-I (Wash. Ct. App. Jan. 16, 2018), http://www.courts.wa.gov/opinions/pdf/760777.pdf, and Bangasser v. Bangasser, No. 77398-4-I (Wash. Ct. App. Jan. 14, 2019), http://www.courts.wa.gov/opinions/pdf/773984.pdf, and will be repeated only as necessary.

## MidTown Limited Partnership

MidTown is a Washington limited partnership. The primary asset of the partnership is several parcels of commercial real estate in Seattle. The limited partners are siblings or entities owned by siblings. Thomas Bangasser was the general partner of MidTown until 2015.

## Loans to Thomas Bangasser

In October 2003, Elizabeth Hall loaned her brother Thomas $75,000. Thomas signed a promissory note as the secretary/treasurer of Vision Vashon, a now-defunct nonprofit corporation. Thomas guaranteed payment of the promissory note personally and as the president of Bangasser & Associates Inc. The promissory note provides that payment on the note with interest is due October 2004.

In October 2003, Hugh Bangasser loaned Thomas $70,000. Thomas signed a promissory note on behalf of Vision Vashon. Thomas guaranteed payment of the promissory note personally and as the president of his company Bangasser & Associates. The promissory note provides that payment on the note with interest is due October 2004.

Thomas never made any payments on the principal or interest due on the promissory notes to either Elizabeth or Hugh. Both of the promissory notes include a provision for the award of reasonable attorney fees and costs in a lawsuit to enforce the notes to the prevailing party.

Breach of Partnership Agreement Lawsuit

On June 22, 2015, the limited-partner siblings voted to remove Thomas as the general partner of MidTown.

In September 2015, Thomas filed a lawsuit against MidTown and the limited partners (collectively, MidTown) for breach of the partnership agreement and claimed he was entitled to compensation. Thomas also sought a security interest in property owned by MidTown and appointment of a receiver to sell the property owned by MidTown.

Thomas filed a lis pendens against the property. The court granted MidTown's motion to strike the lis pendens because the lawsuit Thomas filed did not involve a dispute over the title to real property.

MidTown filed a motion for partial summary judgment on two issues: (1) Thomas was validly removed as the general partner and (2) Thomas had no right of first refusal regarding the property or the interests of the limited partners in the partnership. In response to the motion, Thomas conceded both these issues. The court granted the motion for partial summary judgment, entered a final judgment under CR 54(b), and awarded attorney fees to MidTown.

On appeal, Thomas challenged the decision to strike the lis pendens he filed on the property and the order on summary judgment. We affirmed. Bangasser v. MidTown

Ltd. P'ship, No. 75226-0-I (Wash. Ct. App. Apr. 24, 2017), http://www.courts.wa.gov/opinions/pdf/752260.pdf.[2]

Lawsuits To Enforce the Promissory Notes

In December 2015, Thomas sent an e-mail to Elizabeth and Hugh stating, "[W]e were finally able to refinance/sell our Vashon Island real estate and would like to now address the outstanding Promissory Notes payable to you."

On July 14, 2016, Elizabeth filed a lawsuit against Thomas, Vision Vashon, and Bangasser & Associates (collectively, Thomas) to enforce the October 2003 promissory note for $75,000 plus prejudgment and postjudgment interest and attorney fees and costs.

On September 13, 2016, Elizabeth filed a motion for summary judgment. Elizabeth argued Thomas never made any payments and acknowledged his obligation to pay the 2003 promissory note. The court granted the motion for summary judgment. On October 14, 2016, the court entered a judgment in favor of Elizabeth for the principal amount owed, prejudgment interest, and attorney fees and costs for a total of $194,737.63. The court ordered postjudgment interest of $24.66 per day. Thomas filed an appeal. We affirmed and awarded Elizabeth attorney fees and costs on appeal. Hall, No. 76077-7-I, slip op. at 1.

On November 22, 2016, Hugh filed a lawsuit against Thomas, Vision Vashon, and Bangasser & Associates (collectively, Thomas) to enforce the October 2003 promissory note and entry of a judgment for the principal amount owed plus prejudgment and postjudgment interest and an award of attorney fees and costs.

---

[2] Thomas later voluntarily dismissed the lawsuit.

Hugh filed a motion for summary judgment. The court granted the motion for summary judgment. On August 18, 2017, the court entered a judgment against Thomas for the principal amount owed and prejudgment interest in the amount of $184,681.09. The court ordered postjudgment interest of $72.86 per day. The court reserved ruling on the request for an award of attorney fees. On September 8, 2017, the court awarded Hugh reasonable attorney fees in the amount of $39,831.00. Thomas filed an appeal. We affirmed and awarded Hugh attorney fees and costs on appeal. Bangasser, No. 77398-4-I, slip op. at 1.

Sale of the MidTown Property and Entry of Charging Orders

In May 2017, MidTown sold the property it owned for $23,300,000. A letter dated June 22, 2017 addressed partial distribution from the sale of the "23rd & Union Property." The letter states the sale proceeds of $14,041,347 "will be distributed next week to the five limited partnership groupings in five equal shares of $2,808,269." The letter also states, "Our hope is that the funds will be transferred to your respective banks by Friday, June 30th."

On July 7, Elizabeth filed a motion for an order to show cause why the court should not enter a charging order against the interest of Thomas in the limited partnership for the amount Thomas owed on the October 14, 2016 judgment plus postjudgment interest. On July 10, the court entered a charging order. The charging order directed MidTown to "set aside $201,099.91 plus interest from its declared distributions to Thomas F. Bangasser and hold that amount for the benefit of Judgment Creditor Elizabeth B. Hall pursuant to RCW 25.10.556." On August 22, Elizabeth obtained an order to disburse proceeds and release the July 10, 2017 charging order.

On August 30, the court granted Hugh's motion for a charging order against Thomas' partnership interest for the August 18, 2017 judgment of $185,950.36 plus postjudgment interest.

On August 31, 2017, MidTown deposited approximately $1.4 million of Thomas' share of the proceeds from the sale of the MidTown property in the King County Superior Court Clerk's Office Registry of the Court pending resolution of the remaining disputes in the Midtown Ltd. Partnership v. Thomas F. Bangasser lawsuit. One of the disputes in the MidTown lawsuit was whether Thomas "transferred one-half of his interest in MidTown, as he previously claimed, and hence one-half of his distributable proceeds, to a community group Africatown Community Land Trust."

The August 31, 2017 letter from the attorney representing MidTown states, in pertinent part:

> In accordance with our previous correspondence, today MidTown is tendering one-half of the Distributable Proceeds, slightly more than $1.4 million, to the King County Superior Court Clerk's office for deposit in the court registry. It is doing so without in anyway conceding that the Africatown Community Land Trust is entitled to that money, or that any purported transfer of MidTown units from Tom to the Africatown Trust was authorized; it was not. Further, one or more plaintiffs may have claims on those funds. We are nonetheless tendering to the Court so that all claims to those funds can be properly adjudicated. As I have previously mentioned, only the Court can authoritatively decide whether Tom actually and validly transferred one-half of his interest in MidTown to the Africatown Trust. On those and related issues, my clients reserve all rights.

The letter also states, "MidTown today is distributing money to Elizabeth in accordance with her charging order and order authorizing distribution. In accordance with the charging order obtained by Hugh, MidTown is holding back funds."

On September 15, 2017, Hugh filed a motion for an order to disburse proceeds and release the August 30, 2017 charging order. Hugh also filed a motion to issue a substitute and corrected charging order to include the $39,831 in attorney fees and postjudgment interest as of September 25, 2017.

On September 25, 2017, the court entered an order granting Hugh's motion to issue a substitute and corrected charging order. The order states, in pertinent part:

> MidTown shall therefore set aside $225,781.36 (consisting of the sum of the $185,950.36 Judgment amount and the $39,831.00 Attorney Fee Judgment), plus interest . . . from any distribution to Thomas F. Bangasser and hold that amount for the benefit of Judgment Creditor Hugh Bangasser pursuant to RCW 25.10.556.

On October 9, 2017, the court entered an order to correct the charging order and disburse proceeds to Hugh.

On November 13, 2017, the trial court entered a judgment in favor of Elizabeth and against Thomas for $6,838.97 in postjudgment attorney fees and costs. On November 22, 2017, the court awarded postjudgment attorney fees and costs to Hugh in the amount of $9,566.97.

On April 12, 2018, Thomas paid the August 18, 2017 judgment amount owed to Hugh on the promissory note and the September 8, 2017 award of attorney fees but not the November 22, 2017 award of postjudgment attorney fees. On April 13, 2018, the court entered a partial satisfaction of the October 14, 2016 judgment owed to Elizabeth on the promissory note and the award of attorney fees. The order states the payment did not satisfy the November 13, 2017 award of postjudgment attorney fees owed to Elizabeth.

7

Charging and Disbursement of Proceeds Orders for Postjudgment Award of Attorney Fees

On May 31, 2018, Elizabeth and Hugh each filed a motion for entry of a charging and disbursement of proceeds order against Thomas' partnership interest for the award of attorney fees incurred postjudgment. Thomas filed a brief in opposition to the motions to issue a charging order and disburse proceeds.

The court granted Elizabeth's motion for a charging and disbursement order for the postjudgment award of attorney fees in the amount of $6,838.97 plus interest. On June 19, 2018, the court entered an "Order Granting Motion for Charging Order and Disbursement of Proceeds to Judgment Creditor." Thomas filed a notice of appeal of the order.

The court granted Hugh's motion for a charging and disbursement order for the award of postjudgment attorney fees in the amount of $9,556.97 plus interest. On June 20, 2018, the court entered an "Order Granting Motion for Charging Order and Disbursement of Proceeds to Judgment Creditor." Thomas filed a notice of appeal of the June 20 order.

This court consolidated the two appeals.

Appeal of Charging and Disbursement Orders for Postjudgment Award of Attorney Fees

In this appeal, Thomas contends the court did not have authority to enter the charging and disbursement orders under RCW 25.10.556; MidTown did not have the authority to deposit his partnership distribution in the court registry; and the attorney representing Hugh, Elizabeth, and MidTown has a conflict of interest. Thomas also

argues we should review entry of the previous charging orders that were not designated in the notice of appeal.

Authority To Enter Charging and Disbursement Orders

Thomas contends the court did not have the authority under RCW 25.10.556 to enter the charging and disbursement orders against his limited partnership interest for the award of attorney fees and costs Elizabeth and Hugh incurred postjudgment. Thomas cites language in RCW 25.10.556 and supplemental proceedings statute RCW 6.32.085 to argue the court has authority to enter a charging order on only future partnership distributions. The plain and unambiguous language of RCW 25.10.556 and RCW 6.32.085 does not support his argument.

The meaning of a statute is a question of law we review de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our objective is to ascertain and give effect to legislative intent. Campbell & Gwinn, 146 Wn.2d at 9. We look first to the text of a statute to determine its meaning. Griffin v. Thurston County Bd. of Health, 165 Wn.2d 50, 55, 196 P.3d 141 (2008). Statutory interpretation begins with the plain meaning of the statute. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). Plain meaning "is discerned from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." Campbell & Gwinn, 146 Wn.2d at 11. When the meaning of the statute is plain on its face, the court must give effect to that plain meaning as the expression of the legislature's intent. Bostain v. Food Express, Inc., 159 Wn.2d 700, 708, 153 P.3d 846 (2007); City of Spokane v. Spokane County, 158 Wn.2d 661, 673, 146 P.3d 893 (2006). Statutes are to be read together, whenever

possible, to achieve a " 'harmonious total statutory scheme . . . which maintains the integrity of the respective statutes.' " Employco Pers. Servs., Inc. v. City of Seattle, 117 Wn.2d 606, 614, 817 P.2d 1373 (1991)[3] (quoting State v. O'Neill, 103 Wn.2d 853, 862, 700 P.2d 711 (1985)). An interpretation that reads language in isolation is too limited and fails to apply this rule. Jongeward v. BNSF Ry., 174 Wn.2d 586, 595, 278 P.3d 157 (2012); see Davis v. Mich. Dep't of Treasury, 489 U.S. 803, 809, 109 S. Ct. 1500, 103 L. Ed. 2d 891 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."). The construction of two statutes shall be made with the assumption that the legislature does not intend to create an inconsistency. State v. Bash, 130 Wn.2d 594, 602, 925 P.2d 978 (1996).

In 2009, the Washington legislature enacted the Uniform Limited Partnership Act, chapter 25.10 RCW. LAWS OF 2009, ch. 188. RCW 25.10.556 addresses the "[r]ights of creditor of partner or transferee." RCW 25.10.556 provides:

> (1) On application to a court of competent jurisdiction by any judgment creditor of a partner or transferee, the court may charge the transferable interest of the judgment debtor with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of a transferee. The court may appoint a receiver of the share of the distributions due or to become due to the judgment debtor in respect of the partnership and make all other orders, directions, accounts, and inquiries the judgment debtor might have made or that the circumstances of the case may require to give effect to the charging order.
> (2) A charging order constitutes a lien on the judgment debtor's transferable interest. The court may order a foreclosure upon the interest subject to the charging order at any time. The purchaser at the foreclosure sale has the rights of a transferee.
> (3) At any time before foreclosure, an interest charged may be redeemed:
> (a) By the judgment debtor;

---

[3] Alteration in original.

(b) With property other than limited partnership property, by one or more of the other partners; or

(c) With limited partnership property, by the limited partnership with the consent of all partners whose interests are not so charged.

(4) This chapter does not deprive any partner or transferee of the benefit of any exemption laws applicable to the partner's or transferee's transferable interest.

(5) This section provides the exclusive remedy by which a judgment creditor of a partner or transferee may satisfy a judgment out of the judgment debtor's transferable interest.

Chapter 6.32 RCW governs supplemental proceedings to enforce a judgment.

RCW 6.32.085 provides:

Order charging partnership interest or directing sale. If it appears from the examination or testimony taken in the special proceedings authorized by this chapter that the judgment debtor owns an interest in a partnership, the judge who granted the order or warrant or to whom it is returnable may in his or her discretion, upon such notice to other partners as the judge deems just, and to the extent permitted by Title 25 RCW, (1) enter an order charging the partnership interest with payment of the judgment, directing that all or any part of distributions or other amounts becoming due to the judgment debtor, other than earnings as defined in RCW 6.27.010, be paid to a receiver if one has been appointed, otherwise to the clerk of the court that entered the judgment, for application to payment of the judgment in the same manner as proceeds from sale on execution and, in aid of the charging order, the court may make such other orders as a case requires, or (2) enter an order directing sale of the partnership interest in the same manner as personal property is sold on execution.

The plain and unambiguous language of RCW 25.10.556 and the statutory definitions establish that a charging order under RCW 25.10.556 is not limited to future distributions. The statute expressly states the court has the authority to enter a charging order against "the transferable interest" of the limited partner judgment debtor. RCW 25.10.556(1). RCW 25.10.011(5) defines "distributions" as "a transfer of money or other property from a limited partnership to a partner in the partner's capacity as a partner." RCW 25.10.011(22) defines a "transferable interest" as "a partner's right to receive distributions." RCW 25.10.011(23) defines a "transferee" as "a person to which

11

all or part of a transferable interest has been transferred, whether or not the transferor is a partner."

Thomas cites language in RCW 25.10.556(1) and RCW 6.32.085(1) to argue the court can issue a charging order only on partnership distributions "to become due" or "becoming due."

The plain and unambiguous language in RCW 25.10.556(1) that "[t]he court may appoint a receiver of the share of the distributions due or to become due to the judgment debtor in respect of the partnership" means the court has the "discretion" to appoint a receiver for distributions "due or to become due." Strenge v. Clarke, 89 Wn.2d 23, 28, 569 P.2d 60 (1977). The plain and unambiguous language of RCW 25.10.556(1) also states the court has the discretion to "make all other orders, directions, accounts, and inquiries the judgment debtor might have made or that the circumstances of the case may require to give effect to the charging order." Here, the undisputed record shows that as a limited partner, Thomas was entitled to a distribution from the proceeds from the sale of the MidTown property and the court did not appoint a receiver.

RCW 6.32.085 expressly states that issuing a charging order under that statute is authorized only "to the extent permitted by Title 25 RCW." RCW 25.10.556(5) states, "This section provides the exclusive remedy by which a judgment creditor of a partner or transferee may satisfy a judgment out of the judgment debtor's transferable interest." Therefore, the court may enter an order charging partnership interest and directing payment of judgment on "all or any part of distributions or other amounts becoming due" only to the extent permitted by RCW 25.10.556(5). RCW 6.32.085(1).

12

Construing the language of the two statutes together, we conclude the court has the authority to issue a charging order against the partnership interest of a judgment debtor to pay the judgment creditor. RCW 25.10.556 is the exclusive remedy to "charge the transferable interest of the judgment debtor with payment of the unsatisfied amount" due to the judgment creditor. The statute also gives the court the discretion to appoint a receiver for "the share of the distributions due or to become due to the judgment debtor" and to enter orders "that the circumstances of the case may require to give effect to the charging order." RCW 25.10.556(1).

For the first time on appeal at oral argument, Thomas argued the court did not have authority to simultaneously enter a charging and disbursement of proceeds order. We do not consider arguments raised for the first time at oral argument. Maziar v. Dep't of Corr., 180 Wn. App. 209, 227 n.11, 327 P.3d 1251 (2014) (legal theories raised for the first time at oral argument are too late for consideration), rev'd on other grounds by 183 Wn.2d 84, 349 P.3d 826 (2015). Nonetheless, as noted, RCW 25.10.556(1) gives the court the discretion to enter orders that "the circumstances of the case may require to give effect to the charging order."

Depositing Proceeds in Court Registry

Without citation to authority, Thomas claims MidTown did not have the authority to deposit partnership distributions in the court registry. We do not consider issues not supported by argument and citation to authority on appeal. RAP 10.3(a)(6); Darkenwald v. Emp't Sec. Dep't, 183 Wn.2d 237, 248, 350 P.3d 647 (2015); Mairs v. Dep't of Licensing, 70 Wn. App. 541, 544-45, 854 P.2d 665 (1993).

Nonetheless, the record supports the decision of MidTown to deposit the proceeds in the court registry pending resolution of the remaining disputes in the <u>Midtown</u> lawsuit. The declaration Hugh filed as the general partner of MidTown addresses the decision to deposit the proceeds in the court registry:

> 3. Disbursement of the roughly $2.8 million otherwise available to Tom Bangasser has been held up because of confusion over who owns Tom's ownership units in the MidTown Partnership. Tom claims that he sold half of the 12 units he claims he owns to the Africatown Trust . . . . The MidTown Partnership Agreement, however, forbids assignment of ownership interests without consent of the limited partners, which Tom never obtained. . . . He also claimed that as of year-end 2016, he had transferred 4 of the 12 units he claims to own to his daughter Lauren. MidTown's limited partners did not consent to that transfer.
>
> 4. Given MidTown's knowledge of Tom's position that he transferred half of his ownership interest to Africatown, MidTown simply cannot put itself at risk by not accepting Tom's "instruction" to send <u>all</u> of the sale proceeds associated with his ownership units to Tom's daughter Lauren.[4]

Article 5.3 of the MidTown Partnership Agreement, "Distributive Shares and Other Distribution," also specifically provides:

> The net profits of the partnership available for distribution after payment of partnership liabilities then due, less reserves for the reasonable needs of the business of the partnership, <u>may</u> be distributed at such times as the <u>General Partner</u> may determine.[5]

<u>Conflict of Interest</u>

In his opening brief, Thomas asserts the attorney who represents Hugh, Elizabeth, and MidTown has a conflict of interest. But Thomas does not present argument or explain why "there is a significant risk that the representation" is a conflict or why the representation is "directly adverse" under RPC 1.7(a). <u>State v. Living Essentials, LLC</u>, 8 Wn. App.2d 1, 14, 436 P.3d 857 (2019) (mere assertions of error are

---

[4] Emphasis in original.
[5] Emphasis added.

not enough to prevail on appeal). An appellant must include all theories upon which he seeks reversal, accompanied by argument and citation to authority in his opening brief, otherwise an appellate court will not consider the issue. Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 845, 347 P.3d 487 (2015); Maziar, 180 Wn. App. at 227 n.11; see also RAP 10.3(a); Univ. of Wash. v. Gov't Emps. Ins. Co., 200 Wn. App. 455, 465 n.3, 404 P.3d 559 (2017) ("An issue raised in a party's opening brief but unsupported by legal authority is waived."). In his reply brief, Thomas cites the RPCs but does not explain why these RPCs support his conflict of interest argument.

Charging Orders Not Designated on Appeal

Thomas argues this court should review charging orders the court entered on July 10, 2017; August 30, 2017; and September 25, 2017. Thomas did not designate these orders on appeal. We will review an undesignated order only if "the order or ruling prejudicially affects the decision designated in the notice" of appeal. RAP 2.4(b)(1). Our Supreme Court has interpreted the term "prejudicially affects" to turn on whether the order designated in the notice of appeal would have occurred absent the other order. Adkins v. Alum. Co. of Am., 110 Wn.2d 128, 134-35, 750 P.2d 1257, 756 P.2d 142 (1988); Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 380, 46 P.3d 789 (2002). The issues in the orders " 'must be so entwined that to resolve the order appealed, the court must consider the order not appealed.' " In re Estate of Foster, 165 Wn. App. 33, 45, 268 P.3d 945 (2011) (quoting Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 105 Wn. App. 813, 819, 21 P.3d 1157 (2001)). Here, the prior charging orders are not so entwined with the charging orders on appeal that we must considered those orders to resolve this appeal.

Attorney Fees

When a contract provides for an attorney fee award, the party prevailing before this court may seek reasonable attorney fees incurred on appeal. First Citizens Bank & Trust Co. v. Harrison, 181 Wn. App. 595, 607, 326 P.3d 808 (2014); see also RAP 18.1. The promissory notes state that "[i]f suit should be brought to collect any of the principal or interest of this Note, the prevailing party shall be entitled to reasonable attorney's fees and costs."

We affirm the charging and disbursement orders. Subject to compliance with RAP 18.1, we award Elizabeth and Hugh reasonable attorney fees and costs on appeal.

WE CONCUR: